■ In the Matter of the Claim of LOUIS ALTMAN, Respondent, v. SAPERSTEIN'S BAKE SHOP, INC., et al., Appellants, and DUBROW'S SEVENTH AVENUE, INC., et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer Saperstein's Bake Shop, Inc., and its carrier from a decision of the Workmen's Compensation Board which awarded claimant benefits for disability from baker's asthma, an occupational disease, and which modified a determination of the Referee to the extent of finding that the appellant was solely responsible for the award of compensation and medical expenses and that the date of disablement was April 27, 1968. The board found upon substantial evidence that the claimant was employed by the appellant from April 1, 1967 to February 19, 1968 and by respondent Dubrow's Seventh Avenue, Inc., for two days in April of 1968; that as a baker he contracted baker's asthma, an occupational disease, which became disabling on April 27, 1968; and that the claimant was not injuriously exposed in his employment with respondent Dubrow's Seventh Avenue, Inc. Appellant contends that the claim was not made within one year after contracting the disease and that the claim is, therefore, not timely filed as required by section 40 of the Workmen's Compensation Law. The evidence is undisputed that claimant had asthma and there was testimony that it was either caused or activated by his employment

with appellant and that his employment either precipitated or increased the sensitivity. Aggravation of an occupational disease in the last employment is the equivalent of contraction of the disease as construed by section 40 of the Workmen's Compensation Law. (*Matter of Morocco* v. *Mohican Stores,* 17 A D 2d 684, affd. 13 N Y 2d 1015; *Matter of Zambrona* v. *Renell Bake Shop,* 34 A D 2d 707.) Notice of the claimant's occupational disablement was sufficient. The board was entitled to find that the date of disablement was April 27, 1968. The employer was notified July 11, 1968, within the statutory period. The board may fix the disablement as of the date on which the physical impairment and the nature of the disease was diagnosed. (*Matter of Montalvo* v. *Pioneer Pizza Pie Corp.,* 20 A D 2d 603; *Richardson* v. *National Container Corp.,* 23 A D 2d 904; *Matter of Zambrona Renell Bake Shop, supra.*) It can also set a date before diagnosis but after leaving employment. Unquestionably, claimant suffered for several years from an underlying allergy condition but there was substantial evidence upon which the board could find that it was aggravated or activated by reason of his employment with the appellant, and that the loss of time was the result of occupational disease, which was not diagnosed until after April 27, 1968. Whether or not the Dubrow employment was a factor in claimant's condition or disablement is a question of fact for the board's determination and the record supports its finding that it was not. Decision affirmed, with costs to respondents filing briefs. Herlihy, P. J., Reynolds, Greenblott, Cooke and Simons, JJ., concur.